```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

EASTMAN CHEMICAL COMPANY,             :

                Plaintiff,            :    11 Civ. 2589 (JPO)(HBP)

    -against-                         :    ORDER

NESTLE WATERS MANAGEMENT              :
& TECHNOLOGY,
                                      :
                Defendant.
                                      :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I write to resolve certain discovery and scheduling disputes raised by the parties in their correspondence to me over the last two months:

    1. Defendant's motion for reconsideration of paragraph 4 of my Order dated February 27, 2013 is denied. The ultimate viability of defendant's fraud counterclaim and its affirmative defense of fraud turns on a comparison of the representations made to defendant concerning ParaStar 2800 and its true chemical and physical characteristics. If the product does in fact have the properties it was represented to have, plaintiff's representations to other customers will not change that fact, and if it does not have the charac-

teristics it was represented to have, plaintiff's representations to other customers will not change that fact.  Accordingly, I find that the representations made to other customers concerning a chemically identical product -- ParaStar 7000 -- are irrelevant.

2.  Based on the representations contained in plaintiff's letter dated May 22, 2013, it is my understanding that plaintiff has agreed to produce the relevant back-up data (*i.e.*, laboratory notebooks) for the charts annexed as Exhibits 1 and 2 to plaintiff's May 2, 2013 letter and that the dispute concerning these documents is, therefore, moot.

3.  With respect to defendant's request for the documentation underlying the price chart annexed as Exhibit 3 to plaintiff's May 2, 2013 letter, defendant's application is granted in part.  Although the summary chart produced by plaintiff does appear to be the most efficient presentation of the information, defendant is entitled to test its accuracy.  Plaintiff is directed to produce the underlying documentation for ten of the transactions reflected on the chart, to be selected by defendant.  The documentation to be provided is limited to the contract (if any), purchase

order, invoice and other similar documents; emails and other documents concerning the negotiations leading up to each transaction need not be produced.

    4.  Plaintiff's objections to topics 1, 2 and 3 of defendant's notice of deposition pursuant to Rule 30(b)(6) are sustained.  The topics really are thinly veiled contention interrogatories that would require a witness to sift and analyze all the discovery materials produced in the case and all the depositions taken.  Rule 30(b)(6) does not require an entity's designee to undertake such a task.  <u>King Pharmaceuticals, Inc. v. Eon Labs, Inc.</u>, 04-CV-5540 (DGT), 2008 WL 5111005 (E.D.N.Y. Dec. 8, 2008); <u>JPMorgan Chase Bank v. Liberty Mut. Ins. Co.</u>, 209 F.R.D. 361, 362 (S.D.N.Y. 2002).

    5.  Plaintiff's objections to topic 4 of defendant's notice of deposition pursuant to Rule 30(b)(6) are sustained.  The topic does not identify the subjects about which the witness will be questioned with reasonable particularity.  It is impossible for plaintiff to prepare a witness properly with respect to this topic as it is currently drafted.  "An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task.  To avoid liability, the noticed party must

designate persons knowledgeable in the areas of inquiry listed in the notice.  Where . . . the [deponent] cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible."  Reed v. Bennett, 193 F.R.D. 689, 692 (D. Kan. 2000); accord International Broth. of Teamsters, Airline Div. v. Frontier Airlines, Inc., 11-cv-02007-MSK-KLM, 2013 WL 627149 at *5 (D. Colo. Feb. 19, 2013; see generally Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC, 10 Civ. 1391 (LGS)(JCF), 2013 WL 1286078 at *2 (S.D.N.Y. Mar. 28, 2013) (Francis, M.J.).

     6.  Plaintiff's objections to topic 5 of defendant's notice of deposition pursuant to Rule 30(b)(6) are sustained in part and overruled in part.  To the extent plaintiff objects to producing a Rule 30(b)(6) witness from testifying concerning the damages plaintiff is seeking pursuant to its first two claims, the objections are overruled.  A party is entitled to use multiple discovery tools to uncover relevant facts; defendant is not limited to exploring damages claims through interrogatories.  With respect to the damages plaintiff is seeking pursuant to Count 3, plaintiff's objections are sustained.  However, given plaintiff's

4

position that damages recoverable on Count 3 require expert testimony, it is also appropriate that plaintiff be precluded from offering non-expert testimony on this issue. The preceding sentence does not, of course, preclude non-expert testimony offered to authenticate documents or other data upon which plaintiff's expert relies.

7. The parties' correspondence also refers to a dispute concerning the production of plaintiff's documents concerning damages. The correspondence is unclear, however, as to whether this dispute still exists. The parties are to advise me forthwith whether there is still an issue concerning these materials.

Dated:  New York, New York
        June 10, 2013

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

Marshall Beil, Esq.
McGuireWoods LLP
1345 Avenue of the Americas
New York, New York  10105-0106

Harry H. Rimm, Esq.
Sullivan & Worcester LLP
32nd Floor
1633 Broadway
New York, New York  10019

Harry H. Rimm, Esq.
Sullivan & Worcester LLP
32nd Floor
1633 Broadway
New York, New York  10019