McGuireWoods LLP
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105-0106
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

Marshall Beil
Direct: 212.548.7004

**McGUIREWOODS**

mbeil@mcguirewoods.com
Direct Fax: 212.715.2319

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 20, 2013
```

August 19, 2013

**Via Email**

Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2103
New York, NY 10007

*Eastman Chemical Co. v Nestlé Waters Management & Technology*
S.D.N.Y., 11-cv-2589 (KPF)(HBP)

Dear Judge Failla:

This firm represents plaintiff Eastman Chemical Company. I write on behalf of both parties in response to the Court's August 7, 2013 Order.

The parties wrote to Magistrate Judge Pitman on August 13, 2013, proposing a scheduling order that addresses the issues raised in Your Honor's August 7 Order. A copy of the proposed scheduling order and Harry Rimm's cover letter is attached.

Under the proposed order, and subsequent correspondence with Judge Pitman's Chambers concerning his availability, the parties have scheduled a settlement conference between counsel and party representatives for September 23 or 24. If the case is not resolved at that time, Judge Pitman has scheduled a settlement conference on October 9, 2013 at 10:00 a.m.

The proposed scheduling order also has fact discovery closing on September 9 and expert discovery closing on November 1, 2013. The parties request that the Court schedule a conference after the close of expert discovery to set a timetable for the resolution of this matter by summary judgment and/or trial, should the matter not have been resolved by then. Thank you.

Respectfully,

*/s/ Marshall Beil*

Marshall Beil

cc:  Hon. Henry B. Pitman, U.S.M.J. (via facsimile) (w/out enclosures)
     Harry H. Rimm, Esq. Attorney for Nestlé, (via email)
     Enclosure

49226165v1

Atlanta | Austin | Baltimore | Brussels | Charlotte | Charlottesville | Chicago | Houston | Jacksonville | London
Los Angeles | New York | Norfolk | Pittsburgh | Raleigh | Richmond | Tysons Corner | Washington, D.C. | Wilmington



SULLIVAN & WORCESTER

Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

T 212 660 3000
F 212 660 3001
www.sandw.com

August 13, 2013

**VIA FACSIMILE**

Honorable Henry B. Pitman
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: **Eastman Chemical Co. v. Nestlé Waters Mgmt. & Tech., 11 CV 2589 (KPF) (HBP)**

Dear Judge Pitman:

On behalf of the parties, I write as a follow-up to our August 8, 2013 joint letter and in connection with the Scheduling Order that Your Honor signed yesterday.

Plaintiff's counsel and I conferred on August 9, 2013 and again today, and we respectfully request that the Your Honor sign the enclosed Amended Scheduling Order adjusting several dates as follows:

|  | Order Signed on August 12, 2013 | Proposed Amended Order |
|---|---|---|
| End of Fact Discovery | July 19, 2013 | September 9, 2013 |
| Initial Expert Disclosures | August 5, 2013 | September 16, 2013 |
| Second Expert Disclosures | September 4, 2013 | October 14, 2013 |
| End of Expert Discovery | September 20, 2013 | November 1, 2013 |
| Settlement Conference | September 11, 2013 | September 24, 2013 |
| Ready for Trial | November 18, 2013 | TBD |

The parties contemplate a meeting with counsel and party representatives on September 23, 2013 and request that Your Honor schedule a settlement conference before Your Honor for September 24, 2013 should a resolution not be reached on September 23. In addition, the parties cannot agree on a trial-ready date for the proposed Amended Order. Plaintiff would like to keep the November 18, 2013 date or as early a date in December as possible, and Nestlé believes that the trial-ready date should be extended to maintain the same length of time between the close of expert discovery and the trial-ready date previously ordered by the Court. A revised proposed scheduling order with these changes is attached for the Court's convenience.

Respectfully yours,

Harry H. Rimm

Enclosure
cc: Marshall Beil, Esq. (Via Email)

BOSTON   NEW YORK   WASHINGTON, DC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
EASTMAN CHEMICAL COMPANY,   :
                   Plaintiff,   :   ECF Case
                   v.   :   11 CV 2589 (KPF) (HBP)
NESTLÉ WATERS MANAGEMENT &   :   **[PROPOSED] AMENDED CIVIL**
TECHNOLOGY,   :   **CASE MANAGEMENT**
                   Defendant.   :   **PLAN AND SCHEDULING ORDER**
------------------------------------------------x

      This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. Pursuant to Judge Marrero's September 7, 2011 Order (Docket #19, attached as an exhibit), this action has been referred to Magistrate Judge Henry B. Pitman for general pretrial purposes and reporting upon dispositive motions.

2. Settlement discussions have not taken place.

3. The parties have conferred pursuant to Fed. R. Civ. P. 26(f).

4. Defendant shall file its answer no later than October 26, 2012.

5. Any motion to amend or to join additional parties to the pleadings shall be filed within 30 days from the date of this Order or 21 days from the date the original pleading was filed, whichever is later.

6. Initial disclosures were exchanged on August 29, 2011.

7. Fact Discovery:

    a. All fact discovery shall be completed no later than September 9, 2013.

    b. Initial requests for production of documents regarding counts 1 and 2 shall be served by October 5, 2012.

    c. Initial interrogatories shall be served by March 4, 2013.

    d. Depositions shall be completed by September 9, 2013.

    e.  Requests to admit shall be served by [April 25, 2013 OR June 14, 2013].

    f.  Any of the deadlines in paragraphs 7(b)-7(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by September 9, 2013.

8. Expert Discovery:

    a.  All expert discovery, including expert depositions, shall be completed no later than November 1, 2013.

    b.  Plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made on or before September 16, 2013. Defendant's expert disclosures on counterclaims shall also be made by September 16, 2013.

    c.  Defendant's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made on or before October 14, 2013. Plaintiff's expert disclosures on counterclaims shall also be made by October 14, 2013.

    d.  The interim deadlines in paragraphs 8(b) and 8(c) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by November 1, 2013.

9. All motions and applications shall be governed by the Court's Individual Practices, including Judge Failla's requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days after the close of expert discovery. If Plaintiff seeks to make an earlier motion for partial summary judgment on count 3 before the close of expert discovery, it may submit a request for a pre-motion conference on that count at any time. Defendant reserves its rights, in addition to any other objections or defenses it may have, to object to the timing of such a motion.

10. Settlement

    a.  All counsel will discuss settlement within fourteen (14) days after the close of fact discovery.

    b.  Counsel for both parties recommend that a settlement conference before Magistrate Pitman or a privately retained mediator be had within 30 days after the close of fact discovery.

    c.  The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order absent further order of the Court.

11. Unless otherwise ordered by the Court, within thirty (30) days of the close of all discovery, or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Final Pretrial Order prepared in accordance with the Court's Individual Practices and Fed. R. Civ. P. 26(a)(3). Any motions in limine shall be filed on or before the date on which the Final Pretrial Order is due. Proposed voir dire, jury instructions, and verdict form shall also be filed on or before the date the Final Pretrial Order due date. Counsel is required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A).

12. The parties shall be ready for trial on_____; or, if a summary judgment motion is made, the parties will be ready for trial forty-five (45) days after a decision on a Motion for Summary Judgment.

13. This case is to be tried to a jury.

14. Counsel for the parties have conferred and their present best estimate of the length of trial is 1 week.

15. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.
    A settlement conference will be held on September 24, 2013 in Conference Room 18A at 10:00 AM

---

Counsel for the Parties:

Marshall Beil
Meghan S. Mastrocovi
MCGUIREWOODS LLP
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105-0106
(212) 548-7004
*Attorneys for Plaintiff,*
*Eastman Chemical Company*

Harry H. Rimm
Nita N. Kumaraswami
SULLIVAN & WORCESTER LLP
1633 Broadway
New York, NY 10019
(212) 660-3000

*Attorneys for Defendant,*
*Nestlé Waters Mgmt. & Technology*

      This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Except as otherwise provided for by this Order, any application to modify or extend the dates herein (except as provided in paragraphs 7(f) and 8(d)) shall be made in a written application in accordance with Court's Individual Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

      SO ORDERED.

                                                                                                _____

                                                                                                 U.S.D.J./ U.S.M.J.

Dated: _____
        New York, New York

50205242\_1

- 4 -