```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ x
EASTMAN CHEMICAL COMPANY,                  :
                                           :
                Plaintiff,                 :     Case No. 11-cv-2589 (KPF)(HBP)
                                           :
        - against -                        :
                                           :
NESTLÉ WATERS MANAGEMENT &                 :
TECHNOLOGY,                                :
                                           :
                Defendant.                 :
                                           :
                                           :
------------------------------------------ x
```

## OBJECTIONS TO JANUARY 21, 2014 ORDER DENYING NESTLÉ'S MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS

**SULLIVAN & WORCESTER LLP**

*Attorneys for Defendant*
*Nestlé Waters Management & Technology*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

BACKGROUND ..............................................................................................................................3

OBJECTIONS..................................................................................................................................5

I      Objection #1:  The Magistrate Judge Misunderstood Nestlé's Argument that Rule 16 Does Not Apply to the Motion..............................................................................5

        A.  Rule 16 Should Not Be Used As a Sword Against Nestlé on this Motion .....................5

        B.  Even If Rule 16 Applies, Good Cause is Present.........................................................10

II.     Objection #2:  The Magistrate Judge Improperly Applied Rule 15 to Find Both Delay and Prejudice, When Neither Was Present ........................................................11

        A.  Even if There Were Delay in Filing the Motion, Any Such Delay Did Not Cause Prejudice ...............................................................................................................12

        B.  Relying on a Basis for Prejudice Which Plaintiff Did Not Identify Was Unfair and Created an Inconsistency Between Rulings ................................................................15

CONCLUSION................................................................................................................................17

**TABLE OF AUTHORITIES**

Cases

*Affiliated FM Ins. Co. v. Liberty Mech. Contractors, Inc.*,
  No. 12 Civ. 5160 (KPF), 2013 WL 4526246 (S.D.N.Y. Aug. 27, 2013) ...................... 10, 11, 12

*A.I.A. Holdings, S.A. v. Lehman Bros.*,
  No. 97 Civ. 4978 (LMM) (HBP), 2001 WL 1631412 (S.D.N.Y. Dec. 18, 2001) .................... 11

*Alexander Interactive, Inc. v. Adorama, Inc.*,
  No. 12 Civ. 6608 (PKC)(JCF), 2014 WL 113728 (S.D.N.Y. Jan. 13, 2014) ....................... 12-13

*Coach, Inc. v. O'Brien,*
  No. 10 Civ. 6071 (JPO)(JLC), 2012 WL 1255276 (S.D.N.Y. Apr. 13, 2012) ........................... 1

*Parker v. Columbia Pictures Indus.*,
  204 F.3d 326 (2d Cir. 2000) ................................................................................. 9, 11, 17

*Rachman Bag Co. v. Liberty Mutual Ins. Co.*,
  46 F.3d 230 (2d Cir. 1995) ................................................................................................ 10

*State Teachers Ret. Bd. v. Fluor Corp.*,
  654 F.2d 843 (2d Cir. 1981) .................................................................................. 11, 12, 16

*United States v. Cont'l Ill. Nat'l Bank*,
  889 F.2d 1248 (2d Cir. 1989) .......................................................................................... 13

Statutes

28 U.S.C. § 636(b)(1) ................................................................................................................ 1

Rules

Fed. R. Civ. P. 8(d)(3) ............................................................................................................... 3

Fed. R. Civ. P. 15(a) ........................................................................................................ *passim*

Fed. R. Civ. P. 16 ............................................................................................................ *passim*

Defendant Nestlé Waters Management & Technology ("Nestlé"), through its attorneys, Sullivan & Worcester LLP, respectfully submits these Objections to the January 21, 2014 Order denying Nestlé's motion for leave to amend its answer and counterclaims (the "Order").[1]

## PRELIMINARY STATEMENT

The magistrate judge denied Nestlé's motion for leave to amend (the "Motion") on two grounds. First, the magistrate judge ruled that the Motion was untimely under Rule 16(b) of the Federal Rules of Civil Procedure because under the scheduling order in place at the time, amendments to pleadings were due by September 11, 2013, more than two months before Nestlé filed its Motion in November. Second, although the Second Circuit has made clear that the standard for a motion to amend pleadings is a lenient one under Rule 15(a) of the Federal Rules of Civil Procedure, the magistrate judge ruled that the standard had not been met because Nestlé delayed in filing the Motion, and the delay caused prejudice to plaintiff. With due respect to the magistrate judge, both of his conclusions are wrong.

When reviewing a report and recommendation by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The Court reviews the Report strictly for clear error where no objection has been made, and will make a *de novo* determination regarding those parts of the Report to which objections have been made." *Coach, Inc. v. O'Brien*, No. 10 Civ. 6071 (JPO)(JLC), 2012 WL 1255276, at *1 (S.D.N.Y. Apr. 13, 2012).

More specifically, the magistrate judge misunderstood Nestlé's argument with regard to Rule 16, rejecting an argument that Nestlé did not actually advance. That argument, at which the magistrate judge appeared to take umbrage, was that the parties could agree to change dates in an order without the Court granting approval of the change. That, however, was never Nestlé's

---

[1] A copy of the Order is attached hereto as Exhibit A.

argument. Instead, Nestlé's argument was twofold. Nestlé argued that there was significant uncertainty and confusion between the parties from the time that the August 12, 2013 scheduling order (the "Scheduling Order") (ECF Docket # 65) was signed as to whether it was, in fact, applicable -- and indeed, this Court noted, at a conference on December 18, 2013, that it had the very same confusion. In addition, Nestlé argued, because plaintiff had taken advantage of that uncertainty to propound its expert discovery during dates that would have been untimely under the Scheduling Order -- including an attempt to serve a "supplemental" expert report on December 17, 2013, nearly five months after the deadline for plaintiff's expert disclosures under the Scheduling Order -- it would be fundamentally unfair to allow plaintiff now to argue that Nestlé should be barred from filing an amendment that would be late under the Scheduling Order. Nestlé's argument was not that it had the right to proceed outside of a court order, but that the order in question caused significant uncertainty from the outset, and given how plaintiff responded to that uncertainty, it should be estopped from arguing that Nestlé cannot respond in the same way.

In addition, the magistrate judge's determination under Rule 15 was wrong for multiple reasons. As a preliminary matter, the Motion was not delayed, for the same reasons as described herein with respect to Rule 16. Even if it were delayed, the delay caused no prejudice. But when plaintiff was unable to articulate cogently any specific prejudice it would have suffered, the magistrate judge inappropriately took it upon himself to identify what he believed to be prejudice arising from delay. That effort was wrong on several levels.

First, it was analytically wrong, because the magistrate judge considered potential prejudice that purportedly stemmed from a seven month delay, since February 2013 -- not the two month delay since September 2013 that would have been the proper analysis under the

Scheduling Order that the magistrate judge had just ruled was in place.  Second, it was inappropriate for the magistrate judge to propose what he believed to be prejudice where plaintiff had declined to do so, since that borders on matters of litigation strategy.  Third, by deciding to bar the Motion based on that purported prejudice rather than permitting plaintiff additional discovery to address any prejudice, the magistrate judge took an approach that was in conflict with this Court's prior ruling on plaintiff's belated supplemental expert report.  This Court granted relief in the form of additional discovery to ameliorate plaintiff's delayed submission, and rather than barring Nestlé's submission on the grounds of prejudice, the magistrate judge could have simply granted plaintiff additional discovery, if, in fact, any delay or prejudice were even present.

Accordingly, for the reasons described herein, Nestlé objects to the Order denying its Motion and seeks this Court's reversal of that Order.

## BACKGROUND

On November 26, 2013, Nestlé served a motion for leave to amend its answer and counterclaims to add a cause of action for breach of contract -- a counterclaim in the alternative to its fraud and fraudulent inducement counterclaims.[2]  The two fraud-related counterclaims, and the proposed breach of contract claim, all relate to the parties' Second Contract, which was dated September 30, 2009 and governed the sale of several PET resins, including ParaStar® 2800, from January 2010 through December 2013.  On January 31, 2011, plaintiff sold the plant in which it manufactured these PET resins and terminated the Second Contract with Nestlé.

---

[2] The magistrate judge seemed to take issue with Nestlé's approach, despite the fact that Federal Rule of Civil Procedure 8(d)(3) allows a party to "state as many separate claims or defenses as it has, regardless of consistency."  FRCP 8(d)(3); see Exhibit B, Transcript from Oral Argument, dated Jan. 17, 2014, at 25:16-26:5 (attached hereto).

3

In connection with its counterclaims, Nestlé asserts that plaintiff defrauded it and fraudulently induced it to enter the Second Contract through a series of misrepresentations and/or omissions concerning plaintiff's ParaStar 2800 and that the Second Contract should be rescinded. *See* Answer and Counterclaims, ¶¶ 8, 21, 32 (ECF Docket # 51).

Plaintiff's testimony and documents have confirmed that plaintiff knowingly misrepresented to Nestlé that ParaStar 2800 was, among other things, (1) a specialty resin; (2) specifically engineered as a CPET resin; (3) a drop-in replacement for the CPET resin that Nestlé had been using; (4) not a PET bottle-grade resin; and (5) not equivalent to a PET bottle-grade resin. Nestlé relied on plaintiff's representation that because ParaStar 2800 was a specialty CPET resin, and not a PET bottle-grade resin, it was appropriate for plaintiff to sell -- and for Nestlé to buy -- the 2800 resin at the appropriate price for a CPET resin. This price was higher than Nestlé would have paid for a PET bottle-grade resin. In reality, ParaStar 2800 was not a CPET resin, but rather a PET bottle-grade resin with no special engineering.

In its proposed breach of contract counterclaim, Nestlé alleges that plaintiff and Nestlé were parties to the Second Contract under which plaintiff "was obligated, among other things, to deliver a qualified CPET resin to Nestlé" and that plaintiff "breached the Second Contract, as well as its duty of good faith and fair dealing thereunder, by failing to provide Nestlé with a qualified CPET resin and by attempting to pass off ParaStar 2800 as a CPET resin to Nestlé, while withholding from Nestlé the fact that ParaStar 2800 was, in fact, a bottle-grade resin." Declaration of Nita Kumaraswami, dated Nov. 26, 2013 (ECF Docket # 92), Ex. B, ¶¶ 86, 88.

Plaintiff opposed the Motion for three primary reasons. First, plaintiff argued that the amendment was untimely under Federal Rule of Civil Procedure 16(b) because the Scheduling Order required amendments to pleadings to be filed on or before September 11, 2013. Second,

4

plaintiff argued that the amendment would violate Federal Rule of Civil Procedure 15(a) because it was unduly delayed, and the delay would prejudice plaintiff. Third, plaintiff argued that the amendment would be futile and hence should not be allowed.

The magistrate judge orally denied the Motion at argument on January 17, 2014, and then reduced his decision to a written order on January 21, 2014, "for the reasons stated on the record in open court." Ex. A. As stated on the record, while the magistrate judge found that the proposed amendment would not be futile, *see* Ex. B (Jan. 17, 2014 Tr.) at 55:4-5, he accepted plaintiff's arguments regarding delay under both Rules 16(b) and 15(a). *See id*. at 51:21, 53:10-11. For the reasons described below, these rulings were incorrect.

## OBJECTIONS

### I. Objection #1: The Magistrate Judge Misunderstood Nestlé's Argument that Rule 16 Does Not Apply to the Motion

#### (A) Rule 16 Should Not Be Used As a Sword Against Nestlé on this Motion

On the record at oral argument, the magistrate judge repeatedly took Nestlé to task for what he viewed as a suggestion that the parties could alter Court-ordered scheduling deadlines on their own and without leave of Court. *See, e.g.,* Ex. B (Jan. 17, 2014 Tr.) at 6:6-10, 8:16-18, 52:22-53:4. In the magistrate judge's view, the Scheduling Order -- submitted on May 15, 2013 and signed on August 12, 2013 -- governed. Under this approach, the Motion was therefore late because that Scheduling Order provided a deadline of September 11, 2013 for amendments to pleadings. The magistrate judge rejected what he understood to be Nestlé's "argument that the parties by their conduct could somehow alter the deadline" imposed by a Court order. *Id.* at 52:22-23.

With due respect to the magistrate judge, that was not Nestlé's argument. Nestlé's argument was, instead, twofold. First, Nestlé argued that there was some uncertainty on the part of both parties as to whether the Scheduling Order was in fact applicable. *See id.* at 13:6-8, 15:19-22. This argument was well-founded; indeed, this Court, during a conference on December 18, 2013 -- after the Motion had been filed and prior to oral argument before the magistrate judge -- repeatedly noted its own confusion as to whether there was a scheduling order in place, and if so, what it provided. *See* Exhibit C, Transcript from Conference, dated Dec. 18, 2013, at 2:20-22, 3:22-25, 30:23-25 (attached hereto). Plaintiff, too, admitted to this uncertainty. Counsel stated on the record before this Court on December 18, 2013 that "the last time we appeared before [the magistrate judge] we agreed on a schedule that wasn't incorporated into an order but there was some letters back and forth. The December 5 date is actually after that date. . . . We did the deposition on December 5. That was the end of expert discovery, as the parties had agreed." *Id.* at 3:5-8, 4:1-2. Counsel added that "I'd like to think we've been following [the magistrate judge's] directives, even if not all of them [sic] reduced to writing." *Id.* at 27:23-24.

The sources of -- and timing related to -- this uncertainty were documented in Nestlé's reply on the Motion, *see* Reply Memorandum, dated Dec. 23, 2013 ("Reply Memo") (ECF Docket # 93), at 1-3, and described in greater depth by Nestlé's counsel at oral argument before the magistrate judge. *See* Ex. B (Jan. 17, 2014 Tr.) at 13:2-15:22. As an initial matter, when plaintiff's counsel submitted a July 12, 2013 letter to the District Court, he noted that the "[t]he only open issue is a revised scheduling order submitted to the Court on May 15, 2013. Judge

6

Pitman has not yet ruled on this schedule." *See* Letter to Honorable Katherine Polk Failla, dated July 12, 2013 (previously ECF Docket # 64).[3]

Moreover, the Scheduling Order which was ultimately signed on August 12, 2013 was jointly submitted to the Court by the parties on May 15, 2013, and, by the time it was signed, many of the dates for discovery which it established already had passed.[4] In addition, the Scheduling Order followed a series of letters to the Court and the parties' August 8, 2013 phone conversation with the magistrate judge's law clerk requesting that the Court not sign plaintiff's August 7, 2013 submission of a further proposed and amended scheduling order. When the Court signed the draft scheduling order on August 12, 2013 that had been submitted in May, rather than the draft scheduling order from August, the parties were confused because several of the dates in the May version of the order had already passed. As a result, the parties wrote to the magistrate judge on August 13, 2013 enclosing another proposed scheduling order, which was not signed. In short, while Nestlé does not question that the magistrate judge signed a Scheduling Order on August 12, 2013, with due respect, there was some uncertainty on behalf of both parties as to how to proceed in light of it.

Given that uncertainty, scheduling issues were again discussed when the parties appeared before the magistrate judge on September 9 and 13, 2013. No supplemental scheduling order was signed at that time or following the conferences. *See* Ex. C (Dec. 18, 2013 Tr.) at 30:18-22. The parties continued discussing scheduling issues through at least November of 2013. After the two September appearances, Nestlé's counsel spoke with plaintiff's counsel about submitting a

---

[3] The parties also wrote to the District Court on August 19, 2013, noting that the "parties wrote to [the magistrate judge] on August 13, 2013, proposing a scheduling order that addresses the issues raised in Your Honor's August 7 Order." *See* Joint Letter to Honorable Katherine Polk Failla, dated Aug. 19, 2013 (ECF Docket # 66). No such order was signed.

[4] For example, paragraph 8(a) of the Scheduling Order included a date of August 5, 2013 for plaintiff's expert disclosures, a week before the Scheduling Order was signed. Plaintiff did not make those disclosures until October 2, 2013.

7

proposed scheduling order, and plaintiff's counsel suggested that such an order was not necessary because it was the magistrate judge's practice to issue a scheduling order after the parties' appearances. *See* Ex. B (Jan. 17, 2014 Tr.) at 15:11-15. No such order issued.

In addition, during a meet and confer session on November 8, 2013, Nestlé proposed writing to the magistrate judge and seeking an amended scheduling order; such order would have extended the amendment deadline for thirty days -- to at least early December -- by carrying it forward like every other scheduling order in this case had done. *See* Declaration of Harry H. Rimm, dated Dec. 23, 2013 ("Rimm Decl.") (ECF Docket # 94), ¶ 4; *see also* Ex. B (Jan. 17, 2014 Tr.) at 7:15-22. In response, plaintiff's counsel said something like "let's just get it done," and the parties did not write to the magistrate judge to request an updated scheduling order. *See id.*; *see also* Ex. B (Jan. 17, 2014 Tr.) at 7:16-18, 15:16-18. Thus, it was plaintiff, not Nestlé, that wanted to proceed with and continue discovery in the absence of an amended scheduling order.

Second, Nestlé argued that in light of the uncertainty and confusion -- and in light of plaintiff's reaction to that uncertainty and confusion -- it would be unfair and inappropriate to allow plaintiff to use the Scheduling Order as both a sword and a shield. *See* Ex. B (Jan. 17, 2014 Tr.) at 16:14-17 & Ex. C (Dec. 18, 2013 Tr.) at 31:5-9. Yet that is precisely what plaintiff did with its opposition to the Motion. As noted above, if the Scheduling Order were indeed applicable, plaintiff's expert reports would have been served nearly two months after the deadline. *See* n.4, *supra*. Plaintiff's expert depositions would have been untimely as well. Plaintiff, of course, not only contends that those submissions and depositions are timely, but in fact has attempted to serve an expert report nearly five months late, on December 17, 2013 -- as this Court well remembers, as it came on the eve of its December 18, 2013 conference. At the

8

same time, however, plaintiff argues that Nestlé should be prohibited from amending its pleadings under Rule 16(b) because of the Scheduling Order.  Plaintiff should not be permitted to have its cake and eat it, too.  If plaintiff has established, through its actions, that it believed the Scheduling Order was inapplicable to its own filings, then it should be estopped from arguing the opposite with respect to Nestlé's.

The magistrate judge thus misunderstood Nestlé's argument as to why Rule 16(b) should not apply to the Motion.  Indeed, the disconnect inherent in the magistrate judge's ruling is illustrated by the Court's reliance on *Parker v. Columbia Pictures Indus.*, 204 F.3d 326 (2d Cir. 2000).  The magistrate judge relied on this case to support his decision with respect to Rule 16. *See* Ex. B (Jan. 17, 2014 Tr.) at 51:22.  But in fact, it was Nestlé that cited to *Parker* in its brief in support of its Motion, *see* Reply Memo at 3, because of *Parker*'s explanation that the purpose of Rule 16 is "to offer a measure of certainty in pretrial proceedings."  *Parker*, 204 F.3d at 340.  Indeed, Nestlé noted that "had we believed that the amendment was due to be done by September 11 we would have done it by then."  Ex. B (Jan. 17, 2014 Tr.) at 13:5-6.  In this case, where the Scheduling Order failed to create that certainty, Rule 16 should not be used in a punitive manner.

At base, Nestlé's argument is that because plaintiff took advantage of the uncertainty and confusion to file its submissions on a schedule inconsistent with the Scheduling Order, it should be estopped from nevertheless arguing that Nestlé may not do the same.  This argument remains not only a valid one, but, as a matter of fundamental fairness, a compelling one too.  Accordingly, the Court should sustain the Objections to the Order in this regard and determine that Rule 16(b) does not govern this Motion.

### (B)     Even If Rule 16 Applies, Good Cause is Present

Even if Rule 16(b) does apply to this Motion, the Rule permits modification of a scheduling order "upon a showing of good cause." Fed. R. Civ. P. 16(b). Nestlé has shown good cause, for the reasons explained more fully in the Reply Memo and at oral argument before the magistrate judge. *See* Reply Memo at 3-5; Rimm Decl. ¶¶ 2-3; Ex. B (Jan. 17, 2014 Tr.) at 3:9-14, 4:10-15, 9:18-12:8, 13:2-6, 17:11-18:4. As this Court has noted, "[d]iligence of the moving party is not, however, the only consideration. The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice [plaintiff]." *Affiliated FM Ins. Co. v. Liberty Mech. Contractors, Inc.*, 12 Civ. 5160 (KPF), 2013 WL 4526246, at *3 (S.D.N.Y. Aug. 27, 2013) (internal citations and quotations omitted).[5] Thus, as this Court held, "Defendants . . . need not prove that they uncovered new facts or law in order for this Court to grant leave to amend." *Id.* at *5.

This Court's holding in *Affiliated* was fully consistent with Second Circuit precedent from *Rachman Bag Co. v. Liberty Mutual Ins. Co.*, 46 F.3d 230, 235 (2d Cir. 1995), where the Second Circuit affirmed the grant of leave to amend a pleading that added a defense more than four years after the complaint had been filed. In *Rachman*, the defendant included the defense at issue in its answer but withdrew it because it needed additional discovery to substantiate its claim. *See id.* Here, similarly, Nestlé did not include the counterclaim at issue initially and sought to add it only after it obtained additional discovery and reviewed that discovery with its expert and with witnesses at their depositions, a process which substantiated this counterclaim and the breach of contract damages that flowed from it. *See* Rimm Decl. ¶¶ 2-3.

---

[5] The lack of prejudice here is discussed below, and that argument is respectfully incorporated here as well.

10

Even where a party simply failed to recognize its claims and defenses earlier, this Court has squarely held that "[i]t would contravene the purpose of the Federal Rules -- and, on these facts, be unjust -- to deny amendment because of counsel's delayed recognition of the . . . defense." *Affiliated*, 2013 WL 4526246, at *6; see Ex. B (Jan. 17, 2014 Tr.) at 4:23-5:3. Here, where counsel had been working diligently to substantiate its claims, denying Nestlé's proposed amendment would, *a fortiori*, be unjust. Accordingly, while Rule 16(b) should not come into play in connection with this Motion, even if it does, Nestlé has satisfied that rule by showing good cause.[6]

## II. Objection #2: The Magistrate Judge Improperly Applied Rule 15 to Find Both Delay and Prejudice, When Neither Was Present

It is undisputed that Rule 15(a) is a "lenient standard," *Parker*, 204 F.3d at 340, under which leave to amend a pleading should be "freely granted when justice so requires." Fed. R. Civ. P. 15(a). Yet the magistrate judge held that Nestlé did not meet this standard because of "prejudicial delay." Ex. B (Jan. 17, 2014 Tr.) at 53:11. For the reasons described herein, as well as at oral argument and in the Reply Memo, Nestlé did not delay and, even if it did, such delay was not undue. *See A.I.A. Holdings, S.A. v. Lehman Bros.*, No. 97 Civ. 4978 (LMM) (HBP), 2001 WL 1631412, at *2-*3 (S.D.N.Y. Dec. 18, 2001) (Pitman, J.). But even accepting the magistrate judge's conclusion that there was delay, "[m]ere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). The

---

[6] Notably, plaintiff attempts to have it both ways on this issue as well, arguing that Nestlé cannot show good cause but that plaintiff should not have to. When Nestlé suggested at the December 18, 2013 conference that it was important to inquire why plaintiff had just discovered and was just then producing, on the eve of the parties' appearance before the District Court, its 2010 data, plaintiff's counsel  noted: "I don't understand what 'why' matters here. . . . why is not so important as that it's here . . . And other than to find out why they didn't do it before and did it later, which I don't think is at all a relevant inquiry, the important thing is we have the data." Ex. C (Dec. 18, 2013 Tr.) at 10:17, 11:6-7, 14:12-15.

11

magistrate judge acknowledged this case law, but found that "there is prejudice here." Ex. B (Jan. 17, 2014 Tr.) at 53:13.

    **(A) Even if There Were Delay in Filing the Motion, Any Such Delay Did Not Cause Prejudice**

With due respect to the magistrate judge, plaintiff suffered no prejudice at all based on Nestlé's allegedly belated Motion. Plaintiff was unable, either in its brief or at oral argument, to identify credibly a single thing that would have been different had Nestlé filed its Motion on September 11, 2013 -- which plaintiff concedes would have been timely -- rather than November 26, 2013. In its brief, plaintiff pointed to two facts that it claimed demonstrated prejudice. First, it claimed that the amendment would delay dispositive motion practice and the ultimate resolution of the case because plaintiff had already "submitted its pre-summary judgment motion letter" on December 10, 2013. *See* Opposition Brief, dated Dec. 11, 2013 (ECF Docket # 96), at 14.[7] On December 17, 2013, six days after advancing that argument, plaintiff filed its supplemental expert report (disclosing data from 2010 in its possession from before this case was commenced), which had the precise effect of causing delay.

Second, plaintiff claimed that additional discovery would be needed -- "documents, and possibly testimony." *Id.* at 3, 15. "Such conclusory statements do not establish prejudice sufficient to deny the motion to amend." *Affiliated*, 2013 WL 4526246, at *6. Moreover, the proposed amendment "was obviously one of the objects of discovery and related closely to the original claim[s]." *State Teachers*, 654 F.2d at 856 (finding that district court abused its discretion in denying leave to amend); *see Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608 (PKC)(JCF), 2014 WL 113728, at *3 (S.D.N.Y. Jan. 13, 2014) ("'where the proposed

---

[7] Nestlé has produced relevant documents related to CPET quantities and pricing. See Ex. B (Jan. 17, 2014 Tr.) at 5:9-15, 11:17-23, 17:20-23, 18:18-23, 19:2-23. In addition, no trial date has been set, and no summary judgment motion has been filed.

12

amendment arises from the same set of operative facts as the original claims, or from events closely related to those originally pleaded,' 'the mere fact that discovery has concluded does not provide a reason for denying leave to amend.'") (citation omitted). Finally, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend." *United States v. Continental Illinois Nat'l Bank*, 889 F.2d 1248, 1255 (2d Cir. 1989) (reversing denial of leave to amend answer to assert defense).

Instead, the magistrate judge found prejudice based on an argument that plaintiff never even raised -- that because "the commercial reasonableness in securing cover . . . as a result of a seller's proffer of non conforming goods" is a valid defense under the New York Uniform Commercial Code, plaintiff would be entitled "to take discovery as to the commercial reasonableness of the purchase of resin" that Nestlé obtained from an alternative supplier. Ex. B (Jan. 17, 2014 Tr.) at 53:19-54:1.[8] This rationale was problematic for several reasons. First and foremost, if the magistrate judge were consistent in his ruling that the deadlines in the August 12, 2013 Scheduling Order were fully applicable at the time it was signed, then at the time that Nestlé should have filed its Motion, on September 11, 2013, plaintiff would no longer have been entitled to obtain the additional discovery on the amendment because the deadline for fact discovery would have already passed on July 19, 2013. Thus, under the Scheduling Order, plaintiff would have had no opportunity to obtain that discovery either in September or in November -- indeed, there would have been absolutely no difference between those two dates, and, therefore, no prejudice caused by any delay.

---

[8] Plaintiff did raise an argument, *see* Ex. B (Jan. 17, 2014 Tr.) at 39:14-16, but that related to the reasonableness of Nestlé's actions rather than the reasonableness of the cover price. In addition, it was the magistrate judge, not plaintiff, who supplied the legal basis for that argument by citing to the relevant provision of the Uniform Commercial Code. *See id.* at 53:14.

13

Of course, plaintiff could have moved in September to extend fact discovery to allow for that additional discovery -- but it could have made precisely the same motion in November. Indeed, if anything, there was less prejudice in November, when the Motion was actually filed, because in the interim, later in September, consistent with its Rule 26 obligations, Nestlé voluntarily produced precisely the pricing data which relates to its proposed third counterclaim. As such, while there might have arguably been prejudice built into the schedule had Nestlé moved to amend in September, that prejudice had in fact been ameliorated by the time Nestlé in fact moved to amend in November. In fact, during the December 5, 2013 deposition of Nestlé's expert, plaintiff's counsel questioned the expert about the damages related to the proposed third counterclaim and as set forth in the expert's October 2, 2013 report. *See* Ex. B (Jan. 17, 2014 Tr.) at 22:16-23:9.

Indeed, this inconsistency between the magistrate judge's position on the applicability of the Scheduling Order and his position with respect to prejudice is apparent from the transcript. Under the Scheduling Order, as noted above, the proper analysis would have been whether any prejudice arose from a delay between September 11, 2013 and November 26, 2013. The magistrate judge, however, focused instead on whether there had been any prejudice from Nestlé's delay since February 2013. *See* Ex. B (Jan. 17, 2014 Tr.) at 18:6-9, 26:18-21, 29:21-23 ("If they had moved to amend last February, what would you have done differently?"), 35:7-9 ("I'm really more interested in finding out what you would have done differently had the issue been in the case last February say.").

By considering prejudice based on a purported delay since February, the magistrate judge analyzed the prejudice issue incorrectly. When analyzed properly, it is clear that there was no

14

prejudice -- which, perhaps, is why plaintiff never identified such prejudice in its own submissions in opposition.

### (B) Relying on a Basis for Prejudice Which Plaintiff Did Not Identify Was Unfair and Created an Inconsistency Between Rulings

With due respect to the magistrate judge, his reliance on a basis for prejudice which plaintiff itself did not identify was unfair in at least two other ways. First, when a party is repeatedly afforded the opportunity to explain why it believes it will be prejudiced, and it fails to assert a certain basis for prejudice, Nestlé respectfully submits that it is inappropriate for a court to supply that basis for the party. There are contexts in which a court should add or correct a party's omission -- for instance, to prevent reversible error at a change-of-plea proceeding or sentencing. But the question of how a party will be prejudiced is different, because it is intimately tied to that party's litigation strategy -- indeed, prejudice in a litigation flows directly from whether a party's litigation strategy will be helped or harmed. If a party -- particularly a sophisticated corporate party advised by experienced counsel -- declines to assert that it will be prejudiced in a certain way, a court offering its own explanation as to why that party will be prejudiced may either border on offering advice to that party with respect to its litigation strategy, thus potentially compromising the court's neutrality, or, conversely, may impinge on that party's litigation strategy if the party intentionally declined to raise that issue. Accordingly, it is inappropriate for a court to rest its determination of prejudice on a basis that the purportedly prejudiced party had not raised, which is precisely what happened here.

Second, even were plaintiff here, in fact, prejudiced, whether for the reasons articulated by the magistrate judge or for other reasons, the magistrate judge certainly could have remedied that prejudice by allowing the additional deposition that he identified or other discovery that is allegedly needed to remedy any prejudice. That approach -- akin to using the proverbial scalpel

15

rather than the sledgehammer -- would have allowed Nestlé to pursue its claims without imposing any prejudice on plaintiff whatsoever. The Second Circuit has endorsed the scalpel approach, holding in *State Teachers*, 654 F.2d at 856, that where amendment is "obviously one of the objects of discovery and related closely to the original claim[s]," that fact "alleviate[s]" any concern of prejudice arising from the amendment.

Indeed, the wisdom of that approach, and the problematic nature of the magistrate judge's alternative approach, are both vividly demonstrated by what this Court decided at the December 18, 2013 conference. When plaintiff submitted its supplemental expert report on December 17, 2013, a week after submitting its pre-motion letter with respect to its intended summary judgment motion, this Court found that that the belated submission caused prejudice, and it responded by extending the expert discovery schedule and allowing for an additional expert deposition. *See* Ex. C (Dec. 18, 2013 Tr.) at 22:22-23:1 ("the fairest solution at this time is to give you additional time to deal with several of the issues that you've sought or several of the forms of relief you've sought in your letter of this morning."). That is in stark contrast to the magistrate judge's decision, which found prejudice and ended the inquiry there, refusing an approach that would have balanced Nestlé's filing with an adjustment to the schedule that would have removed any possible prejudice.

The contrast is a bitter irony to Nestlé, because it was plaintiff which continually pressed for this Court, rather than the magistrate judge, to hear the Motion precisely because it was concerned about the possibility of inconsistent results. In its December 10, 2013 pre-motion letter to this Court, plaintiff argued that the same Judge should hear both the Motion and its own intended motion for summary judgment so as "to assure consistency of decisions." *See* Plaintiff's Letter to Honorable Katherine Polk Failla, dated Dec. 10, 2013 (ECF Docket # 79), at

16

3. It repeated that concern before this Court at the December 18, 2013 conference, referencing its desire "to avoid any possibility of there being any discontinuity in the decisions." Ex. C (Dec. 18, 2013 Tr.) at 29:13-15. That inconsistency of results is now a reality, and it is plaintiff, not Nestlé, which is the beneficiary. But the inconsistency is unfair and should not stand.

Accordingly, this Court should find that Nestlé has met the "lenient" Rule 15(a) standard for "freely" amending its counterclaims, *Parker*, 204 F.3d at 340; Fed. R. Civ. P. 15(a) -- because there was no delay in filing; because any delay was not prejudicial; because any allegation of prejudice not relied upon by plaintiff should not have been relied upon by the Court; and because if there were prejudice, the proper approach -- and the approach consistent with this Court's prior determination -- would have been to allow the amendment but mitigate any prejudice by allowing the minimal discovery that may be needed. As such, Nestlé's Motion should have been granted, and this Court should reverse the magistrate judge's Order denying it.

## CONCLUSION

Based upon the arguments described herein, as well as in Nestlé's moving and reply papers, supporting declaration and at oral argument before the magistrate judge which are respectfully and expressly incorporated herein, this Court should sustain Nestlé's objections, reverse the Order, grant Nestlé's Motion and grant such further and other relief as this Court may deem just and proper.

Dated: New York, New York  
February 4, 2014

SULLIVAN & WORCESTER LLP

By: /s/ Harry H. Rimm  
Harry H. Rimm  
Nita Kumaraswami  
1633 Broadway  
New York, New York 10019  
Telephone: (212) 660-3000  
Facsimile: (212) 660-3001  
*Attorneys for Defendant Nestlé Waters Management & Technology*