McGuireWoods LLP
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105-0106
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

Marshall Beil
Direct: 212.548.7004

**McGUIREWOODS**

mbeil@mcguirewoods.com
Fax: 212.715.2319

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 13, 2014

**MEMO ENDORSED**

March 13, 2014

**VIA ECF and EMAIL**

Honorable Katherine Polk Failla, United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> *Eastman Chemical Co. v. Nestlé Waters Management & Technology*, 11 cv 2589
> **Filing of Confidential Materials**

Dear Judge Failla:

The parties write jointly concerning the filing of confidential materials in connection with their summary judgment and *Daubert* motions due March 18, 2014.

The exhibits to the parties' motion papers will be almost exclusively documents produced by the parties in discovery, expert reports or deposition transcripts, all of which were designated "confidential" or "highly confidential" by the parties or by agreement during discovery in accordance with the Stipulated Protective Order, which was entered on December 1, 2011. These documents include the parties' contracts, which the Court has previously filed under seal, emails reflecting negotiations between the parties and with third parties concerning pricing, sources of supply and other sensitive business information, and many internal emails containing proprietary and competitive business information. Given the volume of documents, redacting individual exhibits and sections of transcripts or reports will be a herculean task whose benefits will not likely approach the cost.

To postpone, and perhaps even avoid, that effort, the parties propose the following procedure for the Court's consideration:

1)      On the due dates according to the schedule set by the Court, each party will serve adversary counsel electronically (and by hand the next day) all notices of motion, briefs, declarations and Rule 56.1 statements. The parties will hold off filing any documents on the due date to allow them to discuss whether any redactions of the documents are required. Any such requests must be made within two business days after service of the papers by hand and the parties will endeavor in good faith to resolve any requests made at that time. The serving party will then file its documents, <u>without exhibits</u>, electronically within three business days thereafter. If any portion of the documents is to be filed under seal based upon the parties' discussions, the

Honorable Katherine Polk Failla
March 13, 2014
Page 2

parties will apprise the Court by joint letter and, with the Court's permission, the electronic filing will be of the redacted copy. A fully unredacted copy for filing under seal will be provided to the Court at the same time as the courtesy copies are delivered to Chambers, with a binder of the pages indicating what has been redacted.

2)   The exhibits to the notice of motion, declarations and Rule 56.1 statements, including CD's of deposition transcripts, will not be filed electronically, but shall be served in unredacted form on adversary counsel electronically and in hard copy. When the motion is fully briefed, each party will provide Chambers with a complete, unredacted copy of its exhibits and request that Chambers file the exhibits under seal. The Court or a party at any time (before or after the filing under seal) may request that selected (or all) exhibits be redacted for public filing. Upon that request, the parties shall endeavor to agree on proposed redactions. The results of that joint effort shall be submitted to Chambers in accordance with Individual Rule 6.A within five business days of the request for a public filing.

3)   Courtesy copies to be provided to Chambers in accordance with Individual Rule 4.D. All courtesy copies shall be unredacted.

In other words, upon the due dates (and, with regard to copies to Chambers, when the reply papers are filed), the parties and the Court will have all motion papers, including exhibits, in unredacted form. Notices, briefs, declarations and Rule 56.1 statements, without exhibits, will be presumptively filed as public documents unless the Rule 6.A procedure is followed with respect to individual documents. Exhibits, however, will be deemed presumptively filed under seal without a public filing unless the Court or a party requests a public filing.

This procedure will allow the motion papers to be served on the due dates and filed shortly thereafter without any delays caused by the need to sort out redactions on what is likely to be a large number of exhibit documents, some quite lengthy. The post-service process provides a framework for counsel and the Court to resolve any concerns about the balance between the parties' confidentiality concerns and the public nature of judicial proceedings with regard to the any document or exhibit.

If Your Honor would like to discuss these procedures in more detail, the parties will make themselves available for a conference call or a court conference at the Court's convenience.

Thank you for your consideration.

Respectfully,

*/s/ Marshall Beil/*

Marshall Beil, jointly for the parties

cc:   Harry H. Rimm, Esq.

54833117_2

Application GRANTED. The procedure outlined above is an acceptable way to handle the problem of filing documents whose public character has not yet been settled. However, the parties are advised, in advance of an eventual discussion regarding the redaction and public filing of the exhibits to these motions, to consult the standards set out in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). The Court has an obligation to protect the public's right of access to documents in judicial proceedings and broad, categorical closure of documents is rarely appropriate.

Dated:   March 13, 2014          SO ORDERED.
         New York, New York

                                 HON. KATHERINE POLK FAILLA
                                 UNITED STATES DISTRICT JUDGE